IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MARCELO HERNANDEZ IBARRA,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:19-cv-15

FILED
Scott L. Poff, Clerk
United States District Court

*By mgarcia at 9:11 am, Oct 31, 2019*

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marcelo Ibarra ("Ibarra"), who is incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed this 28 U.S.C. § 2241 Petition. Doc. 1. Respondent filed a Motion to Dismiss, and Ibarra filed a Response. Docs. 5, 7. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Ibarra's Petition for failure to exhaust his administrative remedies. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Ibarra leave to appeal *in forma pauperis*.

## BACKGROUND

Ibarra is currently serving a federal sentence for at the D. Ray James Correctional Facility for conspiracy to encourage and induce aliens to enter the United States. His projected release date is January 12, 2020. Ibarra is currently enrolled in the Bureau of Prisons' ("BOP") Institution Hearing Program ("IHP"), which provides deportation, exclusion, or removal proceedings to sentenced aliens. At base, Ibarra wants any deportation or removal proceedings under the IHP to occur as soon as possible, so that when he completes his sentence he will be

immediately deported to his home.  Ibarra contends that, unless the Court intervenes, he will likely spend another three to six months (after competition of his sentence) in the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), waiting for deportation.

Specifically, Ibarra asserts ICE violated his right to due process by not giving him a final order of removal because ICE wants to "extend the time of [his] incarceration."  Doc. 1 at 6.  He contends BOP classified him as a "possible deportable alien" and designated him to D. Ray James to resolve his immigration issue (through the IHP), but that ICE has not followed certain rules and guidelines related to his immigration case, and, therefore, he may be held in custody three to six months beyond the end of his federal sentence while that process proceeds.  Doc. 1 at 7; Doc. 1-1 at 1.  As relief, Ibarra asks the Court to order ICE to issue a final order of removal, to have a videoconference with an immigration judge, and to be released at the end of his sentence.  Id.

Respondent moves to dismiss Ibarra's Petition based on Ibarra's failure to exhaust his administrative remedies, because Ibarra sets forth conditions of confinement claims that are not cognizable under § 2241, due to lack of jurisdiction, and because the BOP has, in fact, followed its IHP policy.  Doc. 5.

In response, Ibarra contends he did not exhaust his administrative remedies because staff at his current facility cannot provide him with any relief in his immigration proceedings.  Doc. 7 at 1–2.  Ibarra asserts he can challenge the legality of his custody for immigration proceedings under § 2241, his claims are not speculative, and he disputes any claim that the staff at D. Ray James cannot initiate the resolution of immigration proceedings.  Id. at 3–5.

**DISCUSSION**

**I.      Whether Ibarra Exhausted His Administrative Remedies**

**A.      Legal Requirements for Exhaustion**

The Eleventh Circuit Court of Appeals has held that a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "that the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Id. (citing Santiago-Lugo, 785 F.3d at 475).[1] Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Additionally, the United States Supreme Court has "held that the PLRA's ["Prison Litigation Reform Act's"] text suggests no limits on an inmate's obligation to exhaust— irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

---

[1]     The Court notes that, in certain circumstances, it should not determine exhaustion issues. Specifically, in Jenner v. Stone, this Court noted, "Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'" Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), *report and recommendation adopted*, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (quoting Santiago-Lugo, 785 F.3d at 474–75). "However, 'a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. (quoting Santiago-Lugo, 785 F.3d at 475). It is not "easier to deny" Ibarra's Petition on the merits rather than looking at Respondent's exhaustion argument.

3

The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).[2]

The Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones, 549 U.S. at 218. It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's

---

[2] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

4

administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'") (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005)); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

### B.     Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies.[3] First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's

---

[3]     Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in Turner would be no less applicable to a § 2241 proceeding. See McCoy v. Glidewell, Civil Action No. 4:11-cv-1683, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and Turner's application of exhaustion standards to a § 2241 petition).

facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

### C.  Analysis of Ibarra's Efforts at Exhaustion

Ibarra, in response to the Motion to Dismiss, states he did not use the administrative remedies process because he is seeking relief for immigration proceedings and pursuing the BOP's administrative remedies process would be futile. Doc. 7. However, Ibarra's assertion in this regard is misplaced. It is clear Ibarra failed to exhaust his administrative remedies at the first Turner step, but the Court nevertheless proceeds to the second Turner step and makes specific factual findings pertinent to the exhaustion question.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures.[4] This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form within 20 days of the informal resolution request. An inmate may appeal the Step 1 administrative remedy to the Warden via a Step 2 administrative remedy form within five business days after the Step 1 response is returned. If the inmate is not satisfied

---

[4] It has been the Court's experience that inmates at D. Ray James Correctional Facility are to use the contractor's grievance procedures for exhaustion purposes, which vary slightly from the BOP's administrative remedies process, although both procedures require a final appeal with the Office of General Counsel. See, e.g., Martinez v. Johns, Civil Action No.: 5:17-cv-120, 2017 WL 4934674, at *3 (S.D. Ga. Oct. 31, 2017), *adopted by* 2017 WL 6029622 (S.D. Ga. Dec. 5, 2017).

with the resolution of the formal complaint, the inmate may appeal to the BOP's Administrator of the Privatization Management Branch (BP-10), so long as the appeal involves BOP-related matters.  Betancur v. Johns, Civil Action No.: 5:15-cv-87, 2016 WL 6396016, at *4 (S.D. Ga. Oct. 26, 2016), *adopted by* 2016 WL 7257000 (S.D. Ga. Dec. 14, 2016).  Examples of BOP-related matters which must be appealed through the BOP are: issues concerning classification and designation, sentence computations, reduction in sentences, removal or disallowance of good conduct time, participation in certain programs, and an inmate's eligibility for early release.  Pichardo v. Zenk, Civil Action No.: CV511-069, 2011 WL 5102814, at *2 n.4 (S.D. Ga. Sept. 27, 2011), *adopted by* 2011 WL 5103758 (S.D. Ga. Oct. 26, 2011).  If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel (BP-11).  If an inmate files an administrative remedy concerning a BOP-related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database.  Betancur, 2016 WL 6396016, at *4.

The evidence before the Court reveals Ibarra has not filed any administrative remedy requests for BOP-related matters since he has been incarcerated due to his federal sentence and at the time Respondent filed his Motion to Dismiss.  Doc. 5-1 at 2.  Glenda Dykes, an administrative remedies clerk with the BOP, declares Ibarra has not submitted any administrative remedies as to his requested relief.  Id. at 3.  As support, Ms. Dykes cites the Administrative Remedy Generalized Retrieval data for Ibarra, dated March 6, 2019, which reveals Ibarra has not filed an administrative remedy while he has been in the BOP's custody.  Id. at 9.

Ibarra failed to file an administrative remedy as to his immigration status or having a videoconference with an immigration judge.  As set forth in this Report, Ibarra's claims concern BOP-related matters (classification or designation) which must be filed and appealed through the

above-described process, which Ibarra failed to do.  Additionally, based on Respondent's submissions, it appears that the BOP's administrative remedies are available to Ibarra, despite any contentions he may raise to the contrary.  Indeed, Ibarra has presented no facts that would suggest that exhaustion would be futile or otherwise excused.  Consequently, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Ibarra's claims based on his failure to exhaust his available administrative remedies prior to the filing of his § 2241 Petition.[5]

## II.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Ibarra leave to appeal *in forma pauperis*.  Though Ibarra has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C.

---

[5] Given this recommended disposition of Respondent's Motion, it is unnecessary to address the remaining grounds of his Motion.  Doc. 5.  However, if the Court were to consider these other grounds, Respondent's Motion would likely be granted on those grounds as well.  Ibarra contends his right to due process has been violated as a result of the failure to conduct an immigration hearing prior to his release from custody, docs. 1, 1-1, but that is not a cognizable claim under § 2241.  See Helbig v. United States, Case No. 4:18cv547, 2019 WL 4061973, at *2 (N.D. Fla. Aug. 7, 2019) (finding allegation that failure to conduct immigration hearing did not "present a viable due process claim" because petitioner had no liberty interest in her custodial classification or rehabilitative programs) (citing cases) Shah v. Johnson, No. 17-CV-1488, 2018 WL 1057100, at *3 (W.D. La. Feb. 26, 2018) (rejecting claims concerning IHP proceedings under § 2241, as such claims must be brought as civil rights actions).  Ibarra cites 8 U.S.C. § 1228(a) in support of his contention he should be given an immigration hearing before he is released from custody, doc. 1-1 at 2–3, but by its plain language, § 1228 "'does not require the government to institute and conclude removal proceedings prior to the expiration of an alien's sentence in a correctional facility,'" and, furthermore, any such claim by Ibarra would be unripe.  See Helbig, 2019 WL 4061973, at *2 (quoting Quevedo-Roque v. U.S. Fed. Bureau of Prisons, No. 1:12-cv-0072, 2012 WL 3156794, at *2 (E.D. Cal. Aug. 3, 2012) (citing § 1228(a)(3)(B))).  Ibarra also cites IHP Program Statement 5111.04, but there is no indication here that the BOP did not comply with that provision.  Moreover, even if the BOP did not comply with Program Statement 5111.04, the BOP's violation of its own program statement is not a basis for habeas relief.  Id. at *3.

§ 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Ibarra's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Ibarra *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Ibarra's Petition **without prejudice** for failure to exhaust his administrative remedies.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Ibarra leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C.

§ 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 31st day of October, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA